UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON SAVILLE, and LARHONDA ROBERTS, deceased,<br><br>                                Plaintiff,<br><br>v.<br><br>SAN ANTONIO REGIONAL HOSPITAL,<br><br>                                Defendant. | Case No.:  3:23-cv-02233-RBM-MMP<br><br>**ORDER DISMISSING THIS ACTION FOR PLAINTIFF'S FAILURE TO PROSECUTE** |

On December 11, 2023, this Court issued an Order to Show Cause ("OSC") ordering Plaintiff Marlon Saville ("Plaintiff") to explain by January 11, 2024 "why venue in the Southern District of California is proper" or to consent to transfer the case to the appropriate venue.  (Doc. 4 at 3.)[1]  It did not appear from the Complaint and civil cover sheet that venue was proper in this district because Plaintiff named as a defendant the San Antonio Regional Hospital in San Bernardino County ("Defendant").  (Doc 4 at 2 (citing

---

[1] The Court cites to the CM/ECF pagination unless otherwise noted.

1

1  Doc. 1-1).)  As the OSC explained, San Bernardino County is in the Central District of
2  California, Eastern Division.  (*Id.* at 3.)  The Court cautioned Plaintiff "that if he does not
3  file any response to this Order by the deadline, this case will be dismissed." (*Id.*)

4      For the reasons set forth below, the Court **DISMISSES WITHOUT PREJUDICE**
5  this action for Plaintiff's failure to prosecute.

## I. LEGAL STANDARD

7      Federal Rule of Civil Procedure 41(b) grants district courts the inherent authority to
8  dismiss actions *sua sponte* for failure to prosecute or to comply with court orders.  *See Link*
9  *v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962) ("The power to invoke this sanction is
10 necessary in order to prevent undue delays in the disposition of pending cases and to avoid
11 congestion in the calendars of the District Courts.").  "Dismissal, [however,] is a harsh
12 penalty and is to be imposed only in extreme circumstances." *Henderson v. Duncan*, 779
13 F.2d 1421, 1423 (9th Cir. 1986) (citing *Raiford v. Pounds*, 640 F.2d 944, 945 (9th Cir.
14 1981) (per curiam)).  In considering whether to dismiss an action for failure to prosecute
15 or to comply with a court order, the Court must weigh five factors: "(1) the public's interest
16 in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk
17 of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and
18 (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*,
19 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th
20 Cir. 1992)).

## II. DISCUSSION

22      As to the first factor, "[t]he public's interest in expeditious resolution of litigation
23 always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).
24 As to the second factor, the Court must be able to manage its docket "without being subject
25 to routine noncompliance of litigants." *Pagtalunan*, 291 F.3d at 642.  By not complying
26 with the Court's OSC, Plaintiff has "consumed some of the court's time that could have
27 been devoted to other cases on the docket." *Id.*  The second factor therefore weighs in
28 favor of dismissal.  As to the third factor, Plaintiff's failure to comply with OSC risks

prejudice to Defendant San Antonio Regional Hospital because it may be hailed into court and required to defend itself in the wrong jurisdiction. Thus, the third factor weighs in favor of dismissal.

As to the fourth factor, the Court has considered less drastic alternatives by providing Plaintiff the OSC, including guidance on the need to explain whether venue is proper or to consent to a transfer of the case, and the sanction that would be imposed for failing to respond, i.e., dismissal. *See Ferdik*, 963 F.2d at 1262 ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the "consideration of alternatives" requirement."). Plaintiff failed to comply with the Court's OSC or even respond to the OSC. This weighs in favor of dismissal. *See id.* at 1262.

The fifth factor does not favor dismissal as public policy favors disposition of cases on the merits. *See Pagtalunan*, 291 F.3d at 643. Though the fifth factor weighs against dismissal, the cumulative weight of the other factors overcomes it. *See id.* (finding district court did not abuse its discretion in dismissing case where three of the five factors weighed in favor of dismissal). The Court finds the balance of the factors favors dismissal for Plaintiff's failure to prosecute.

"[A] district court has the 'inherent power' to dismiss an action under Rule 41(b) if a plaintiff fails to prosecute the action or comply with a court order." *Lewis v. Los Angeles Cnty.*, Case No. 2:19-cv-07891-JAK (SHK), 2020 WL 42784, at *2 (C.D. Cal. Jan. 2, 2020) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *Henderson v. Duncan*, 779 F.2d 1421, 1425 (9th Cir. 1986)). Though the Court would be justified in dismissing this case with prejudice, *see Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) ("Unless otherwise specified … a [Federal Rule of Civil Procedure 41(b)] dismissal operates as an adjudication upon the merits.") (internal quotation marks omitted), the Court dismisses this case without prejudice.

### III.   CONCLUSION

This action is **DISMISSED WITHOUT PREJUDICE** for Plaintiff's **failure to prosecute**.

3

1  The Clerk of Court is **DIRECTED** to enter judgment and close this case.

2  The Clerk of Court is directed to serve a copy of this Order on Plaintiff at the address
3  provided by Plaintiff on his Complaint: 2020 Island Ave. #4, San Diego, California 92102.

4  **IT IS SO ORDERED**.

5  DATE:  January 23, 2024

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE